IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       No. CV 10-0714 BB/RHS
                                                         No. CR 09-0423 BB

JOEL GARCIA-PARRA,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Defendant's letter (CV Doc. 12; CR Doc. 38), which the Court construes as a motion to correct or reduce his sentence. As grounds for the requested relief, Defendant alleges he was denied effective assistance of counsel in the criminal proceeding and has made a record of good post-conviction conduct. The Court denied Defendant's earlier motion under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 29).

    Defendant's claim based on ineffective assistance of counsel may be pursued only under 28 U.S.C. § 2255. This claim is expressly contemplated by § 2255: relief is available where "the sentence was imposed in violation of the Constitution or laws . . . , or . . . the court was without jurisdiction to impose such sentence," § 2255, and the terms of § 2255 provide the exclusive avenue for attacking a federal criminal sentence, *see Baker v. Sheriff*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963). Because Defendant previously filed a § 2255 motion, however, the Court will not recharacterize the letter-motion as a § 2255 motion. *See United States v. Valadez-Camarena*, 402 F.3d 1259, 1261 (10th Cir. 2005) (ruling that a district court does not abuse its discretion in declining to recast pleadings as a § 2255 motion where relief "would, at least facially, 'be barred . . . as second or successive [under § 2255 ¶ 8].' ") (citing *Brown*

*v. Warden, Springfield Med. Ctr. for Fed. Prisoners*, 315 F.3d 1268, 1270 (10th Cir. 2003). The Court will dismiss Defendant's claim of ineffective assistance of counsel for lack of jurisdiction. *See United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006).

Furthermore, Defendant's post-conviction conduct provides no grounds for reduction of his sentence. *See* 18 U.S.C. § 3582; *United States v. Smartt*, 129 F.3d 539, 540-41 (10th Cir. 1997). The Court will deny the request for reduction.

IT IS THEREFORE ORDERED that to the extent Defendant's letter-motion (CV Doc. 12; CR Doc. 38) seeks to vacate, set aside, or correct his sentence, the motion is DISMISSED for lack of jurisdiction; and Defendant's alternative request to reduce his sentence is DENIED.

_Bruce D. Black_
UNITED STATES DISTRICT JUDGE